IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

ELBERT SMITH,

      PETITIONER,

    v.

HAROLD W. CLARKE, Director,
Virginia Department of Corrections,

      RESPONDENT.

CIVIL ACTION NO. 2:13-cv-611

## REPORT AND RECOMMENDATION

Elbert Smith, a state prisoner in the Virginia Department of Corrections, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, ECF No. 1. The Respondent filed a motion to dismiss the petition. ECF No. 6. This matter was referred for a recommended disposition to the undersigned United States Magistrate Judge ("undersigned") pursuant to 28 U.S.C. §§ 636(b)(1)(B)-(C), Federal Rule of Civil Procedure 72(b), Local Civil Rule 72, and the April 2, 2002 Standing Order on Assignment of Certain Matters to United States Magistrate Judges. After reviewing the briefs, the undersigned disposes of the motion to dismiss on the papers without a hearing pursuant to Federal Rule of Civil Procedure 78(b) and Local Civil Rule 7(J). The undersigned finds that Smith claims are time-barred by the statute of limitations, and therefore, **RECOMMENDS** that the Respondent's motion to dismiss, ECF No. 6, be **GRANTED**, and that the petition for a writ of habeas corpus, ECF No. 1, be **DENIED** and **DISMISSED WITH PREJUDICE.**

## I. FACTUAL AND PROCEDURAL BACKGROUND

On March 26, 1993 in the Circuit Court of the City of Chesapeake ("the trial court"), Smith was sentenced to confinement in the penitentiary of the Commonwealth for ten (10) years

with six (6) years suspended for distribution of cocaine. Smith did not directly appeal, nor did he collaterally challenge, his original judgment of conviction and sentence. On August 8, 1996, presumably after Smith had been released from his original sentence of incarceration, the trial court revoked Smith's probation and imposed the suspended six-year sentence of incarceration. Smith also did not directly appeal this judgment of conviction and sentence.

Almost sixteen years later, on August 1, 2012, Smith filed a "Motion to Vacate" in the trial court. ECF No. 1 at 3. Smith argued that the revocation of his probation and the imposition of the suspended sentence was "void and without legal authority to continue the petitioner in official detention, give the petitioner credit for time served—totaling 279 days, and moved the court to enter a final order releasing the petitioner from the service of this void sentence, [because the] term has been fully served." *Id.* The trial court denied the motion on September 26, 2012 because it determined that it did not have jurisdiction to consider Smith's request. The trial court subsequently refused to file Smith's motion for reconsideration.

Then, on December 20, 2012, Smith filed a petition for appeal with the Supreme Court of Virginia raising two grounds: (1) whether the trial court lacked jurisdiction to compute this six year sentence from the date of final judgment and give Smith a mandatory pre-conviction confinement sentence credit; and (2) whether Smith had a Fourteenth Amendment right to be released from the August 8, 1996 judgment order of six years upon its expiration. On September 24, 2013, the Supreme Court of Virginia refused the petition for appeal as to issue number one, finding there was no reversible error in the judgment complained of, and dismissed the appeal as to issue number two, because Smith failed to comply with the requirements of Rule 5:17(c)(1)(iii).

2

Smith filed the instant federal habeas petition on October 20, 2013,[1] raising the following grounds:

Ground One: Whether the terms of a revoked suspended sentence imposed by orders unequivocally expressed that term should run "immediately" which have become final, be later changed by Virginia-D.O.C. and made to run "consecutive"?

Ground Two: Whether the petitioner is entitled to − 279 days − for term of confinement, awaiting trial from November 3, 1995 through August 8, 1996, pursuant to Virginia Code § 53.1-187?

Ground Three: Whether the petitioner [has] a Fourteenth (14th) Amendment right to be released from the service of this six (6) year sentence upon expiration of its unequivocal terms?

ECF No. 1 at 5-8. The Virginia Attorney General, on behalf of the Respondent, filed a rule 5 answer, a motion to dismiss, a brief in support of the motion to dismiss, and a *Roseboro* notice. ECF Nos. 5-8. Smith did not file a response to the Respondent's motion to dismiss, and the time to do so has long since expired. Therefore, the motion to dismiss is ripe for recommended disposition. For the reasons discussed below, the undersigned would find that Smith's claims are barred by the statute of limitations under the Anti-terrorism and Effective Death Penalty Act ("AEDPA"), and therefore, recommends that the petition be dismissed with prejudice.

## II. STAUTE OF LIMITATIONS

The statute of limitations under AEDPA is a threshold issue that must be resolved before the Court addresses the merits of the individual claims, and before other procedural issues, such as exhaustion and procedural default. *White v. Klitzkie*, 281 F.3d 920, 921-22 (9th Cir. 2002); *see also Spencer v. White*, 265 F. Supp. 2d 813, 815 (E.D. Mich. 2003); *accord United States v. Lopez*, 248 F.3d 427, 430 (5th Cir. 2001). Under AEDPA, section 2254 petitions are subject to a one-year statute of limitations. 28 U.S.C. § 2244(d)(1). The one-year limitations period begins

---

[1] The undersigned uses the date Smith certifies he placed his petition in the prison mailing system. *See* ECF No. 1 at 14; *see also Houston v. Lack*, 487 U.S. 266, 276 (1988) (articulating the "prison mailbox rule").

to run from the latest of four dates: (1) the date judgment is final; (2) the date on which an impediment to filing, created by government action in violation of the federal constitution or laws, is removed; (3) the date on which a federal constitutional right is newly-recognized and made retroactively applicable by the United States Supreme Court; or (4) the date on which the factual predicate of the claim presented to could have been discovered through the exercise of due diligence. *Id.* "Courts have strictly construed AEDPA's one-year limitations period. Even petitions filed only a single day late must be dismissed under the statute." *Jefferson v. Biter*, No. 12-01934, 2012 WL 7811195, at *4 (C.D. Cal. Nov. 16, 2012) (quoting *United States v. Locke*, 471 U.S. 84, 101 (1985) ("[R]egardless of where the cutoff line is set, some individuals will always fall just on the other side of it. Filing deadlines, like statutes of limitations, necessarily operate harshly and arbitrarily with respect to individuals who fall just on the other side of them, but if the concept of a filing deadline is to have any content, the deadline must be enforced . . . . A filing deadline cannot be complied with, substantially or otherwise, by filing late—even by one day.")) (additional citation omitted).

Here, Smith's August 8, 1996 judgment of conviction and sentence from the probation violation and imposition of the suspended sentence became final on September 9, 1996, after his time to appeal the judgment to the Court of Appeals of Virginia expired. Va. Sup. Ct. R. 5A:6(a) ("No appeal shall be allowed unless, within 30 days after entry of final judgment . . . counsel files with the clerk of the trial court a notice of appeal . . . ."); *see also Griffith v. Kentucky*, 479 U.S. 314, 321 n.6 (1987) ("By 'final,' we mean a case in which a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied."). Under AEDPA, Smith had one year from that date to file his federal habeas petition, and the statute of limitations period expired on

September 9, 1997. Smith does not claim a different period to begin the running of the statute of limitations under 28 U.S.C. § 2244(d)(1), and therefore the Court applies the one-year period from the date his judgment of conviction became final.

In some instances, statutory tolling of the statute of limitations period is required, and the Court excludes, or tolls, the time during "which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending . . . ." 28 U.S.C. § 2255(d)(2). However, Smith is not entitled to statutory tolling, because he did not file any post-conviction applications until August of 2012, almost sixteen years after the judgment became final, when he filed a motion to vacate in the trial court. Therefore, because the statute of limitations under 28 U.S.C. § 2244(d)(1) is strictly construed, the undersigned would find this Court is barred from reviewing Smith's habeas petition, as it was untimely filed. *Locke*, 471 U.S. at 101; *see also Sauls v. Mathena*, No. 2:12cv279, 2013 WL 5423817, at *5 (E.D. Va. Sept. 25, 2013) ("[The] Petition is statutorily time-barred though it was filed only two days after the limitation period ran.").

The undersigned would also decline to equitably toll the limitations period. *See Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) ("[The Fourth Circuit] ha[s] held that the AEDPA statute of limitations is subject to equitable tolling.") (citing *Harris v. Commonwealth*, 209 F.3d 325, 330 (4th Cir. 2000)). Smith has not requested that the statute of limitations period be equitably tolled. Instead, Smith neglected to file a response to the Respondent's motion to dismiss, in violation of E.D. Va. Local Civil Rule 7(F)(1): "Unless otherwise directed by the Court, the opposing party *shall* file a response brief and such supporting documents as are appropriate." (emphasis added). Smith is not entitled to this equitable remedy that is used only in rare circumstances. Specifically, to be entitled to equitable tolling of the statute of limitations period,

5

Smith must demonstrate (1) that he pursued his rights diligently, and (2) that some extraordinary circumstance stood in his way that prevented timely filing. *Holland v. Florida*, 130 S. Ct. 2549 (2010). Smith fails to demonstrate that he pursued his rights diligently; rather, he did not file a motion to vacate in the trial court until almost sixteen years after the sentence was imposed. Smith's habeas petition is silent as to the reason for this delay. Smith also fails to demonstrate that some extraordinary circumstance stood in his way to prevent timely filing; indeed, by not filing an opposition brief to the Respondent's motion to dismiss, he makes no attempt whatsoever to explain his tardy filing. Accordingly, the undersigned would also decline to equitably toll the one-year statute of limitations period. Therefore, because Smith's petition is barred by the one-year statute of limitations, the Court need not reach the merits of his petition, and recommends that it be dismissed on this basis alone.

## III. RECOMMENDATION

For these reasons, the undersigned would find that Smith's petition is time-barred and therefore, **RECOMMENDS** the Respondent's motion to dismiss, ECF No. 6, be **GRANTED** and Smith's petition, ECF No. 1, be **DENIED** and **DISMISSED WITH PREJUDICE**.

## IV. REVIEW PROCEDURE

By receiving a copy of this Report and Recommendation, the parties are notified that:

1. Any party may serve on the other party and file with the Clerk of the Court specific written objections to the above findings and recommendations within fourteen days from the date this Report and Recommendation is mailed to the objecting party, *see* 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b), computed pursuant to Federal Rule of Civil Procedure Rule 6(a). A party may respond to another party's specific written objections within fourteen days after being served with a copy thereof. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).

2. A United States District Judge shall make a *de novo* determination of those portions of this Report and Recommendation or specified findings or recommendations to which objection is made. The parties are further notified that failure to file timely specific written objections to the above findings and recommendations will result in a waiver of the right to appeal from a judgment of this Court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

The Clerk is **DIRECTED** to forward a copy of this Report and Recommendation to the Petitioner and counsel of record for the Respondent.

/s/
Lawrence R. Leonard
United States Magistrate Judge

Lawrence R. Leonard
United States Magistrate Judge

Norfolk, Virginia
April 24, 2014

7

## CLERK'S MAILING CERTIFICATE

A copy of this Report and Recommendation was mailed on this date to the following:

Mr. Elbert Smith, #1148130
Wallens Ridge State Prison
P.O. Box 759
272 Dogwood Drive
Big Stone Gap, Virginia 24219
*Pro Se* Petitioner

Mr. James M. Isaacs, Jr.
Office of the Attorney General
900 East Main Street
Richmond, Virginia 23219
Counsel for Respondent

Fernando Galindo,
Clerk of Court

By: _____

Deputy Clerk
April 25, 2014

8