

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

ELBERT SMITH,

    Petitioner,

v.                                                           ACTION NO. 2:13-cv-611

HAROLD W. CLARKE, Director,
Virginia Department of Corrections,

    Respondent.

## FINAL ORDER

Before the Court is a petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, ECF No. 1, and the Respondent's motion to dismiss, ECF No. 6. On March 26, 1993, in the Circuit Court for the City of Chesapeake ("the trial court"), the Petitioner was sentenced to ten years of incarceration with six years suspended for distribution of cocaine, for a total four year term of active incarceration. In the instant petition, the *pro se* Petitioner challenges the constitutionality of the trial court's August 8, 1996 revocation of his probation, and imposition of the remaining six year sentence of incarceration that was originally suspended.

The matter was referred for disposition to a United States Magistrate Judge pursuant to 28 U.S.C. §§ 636(b)(1)(B)-(C), Federal Rule of Civil Procedure 72(b), Local Civil Rule 72, and the April 2, 2002 Standing Order on Assignment of Certain Matters to United States Magistrate Judges. In a Report and Recommendation filed on April 25, 2014, the Magistrate Judge recommended the motion to dismiss be granted, and the petition be denied and dismissed with prejudice as barred by the statute of limitations. ECF No. 9. The parties were advised of their right to file written objections to the Report and Recommendation.

Just three days after the Report and Recommendation was filed, on April 28, 2014, the Court received two separate filings from the Petitioner: (1) Motion for Extension of Time to Amend Petition for Writ of Habeas Corpus, ECF No. 10; and (2) Motion to Voluntarily Withdraw Petition for Writ of Habeas Corpus, ECF No. 11. The Respondent did not respond to either filing, and the time to do so has expired. In the first brief, the Petitioner asks the Court for an extension of time to amend his petition, due to his recent placement on "mental health status." ECF No. 10 at 1. In the second filing, the Petitioner asks the Court to dismiss his petition without prejudice, so that he can re-submit his petition "to present only exhausted state remedied claims." ECF No. 11 at 1. The Petitioner does not address in either filing the Magistrate Judge's recommendation that the petition be dismissed with prejudice as time-barred under the one-year statute of limitations period.

On May 13, 2014, the Court received the Petitioner's objections to the Magistrate Judge's Report and Recommendation, ECF No. 12. In addition to other objections, the Petitioner objects to the statute of limitation computation, arguing that the predicate of his habeas claim wasn't discovered until a much later date, and accordingly, that his petition is, in fact, timely. *Id.* Pursuant to Federal Rule of Civil Procedure 72(b)(3), the Court reviewed *de novo* the Magistrate Judge's Report and Recommendation, and the Petitioner's objections thereto. After review, the Court fully accepts the findings and recommendations of the Magistrate Judge, and the Court hereby **ADOPTS** and **APPROVES** the Report and Recommendation, ECF No. 9, in its entirety as the Court's own opinion. Accordingly, the Petitioner's objections, ECF No. 12, are **OVERRULED** in full, and the Respondent's motion to dismiss, ECF No. 6, is **GRANTED**. The petition, ECF No. 1, is **DENIED** and **DISMISSED WITH PREJUDICE**. It is

**ORDERED** that judgment be entered in favor of the Respondent. As such, the Petitioner's motion for an extension of time to amend the petition, ECF No. 10, and the Petitioner's motion to voluntarily withdraw the petition, ECF No. 11, are **DISMISSED AS MOOT**.

The Petitioner is hereby notified that he may appeal from the judgment entered pursuant to this Final Order by filing a *written* notice of appeal with the Clerk of the Court at the Walter E. Hoffman United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510, within thirty (30) days from the date judgment is entered. Because the Petitioner has failed to demonstrate a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c) and Federal Rule of Appellate Procedure 22(b)(1), the Court declines to issue a certificate of appealability. *See Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003).

The Clerk is **DIRECTED** to forward a copy of this Order to the Petitioner and counsel of record for the Respondent.

It is so **ORDERED**.

Robert G. Doumar
Senior United States District Judge

SENIOR UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
Date: May 28, 2014